UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENCAP, LLC,

        Plaintiff,

v.                                                 Case No. 11-C-685

THE SCOTTS COMPANY, LLC, et al.,

        Defendant.

**ORDER DENYING MOTION TO DISMISS**

Plaintiff Encap, LLC sued The Scotts Company, LLC (Scotts), et al, for infringement of three of Encap's patents and misappropriation of trade secrets. The patent infringement claims have been stayed pending reexamination of the patents in suit before the PTO. The misappropriation of trade secrets claim is the subject of a motion to dismiss by Scotts.

The alleged trade secrets that Encap accuses Scotts of misappropriating are contained in a confidential memorandum that sets forth a strategic business plan for launching Encap's specialty seed products that embodied several of the inventions claimed in Encap's patents. Encap claims to have created a next generation of problem-solving, value added specialty seed products for encapsulating seed, watering indicators and seed carrier mulches. Encap alleges its agent sent Scotts the confidential memorandum in June of 2002 and that the memorandum contained a clear warning that it was not to be reproduced, copied, used, or transmitted without the permission of Encap's agent. Encap alleges in its complaint that it took reasonable efforts to maintain the confidentiality of the information described in its memorandum and conveyed in its conversations with Scotts personnel, and further, that the information provided in the confidential memorandum and in related

conversations with Scotts personnel was not generally known to the public. Encap further alleges that the information conferred an economic benefit to Encap, that Scotts did not have permission to use that information, and that in fact Scotts has within the last several years used the confidential information to come out with several new products from which it has unfairly derived substantial profits. (Compl. ¶¶ 44-56.)

In its motion to dismiss, Scotts argues that the complaint fails to state a claim for misappropriation of trade secrets. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). More specifically, Scotts argues that the complaint uses conclusory language to allege that the information contained in the confidential memorandum constitutes a trade secret. Scotts points to this Court's recent order denying Encap's motion to file the confidential memorandum under seal in which the Court found that "[t]he document is ten years old and does not contain any apparent trade secrets or underlying data, such as chemical formulas or manufacturing processes." (Dkt. No. 26 at 1.) It follows, Scotts argues, that Encap's claim for misappropriation of trade secrets claim should be dismissed.

The fact that the Court concluded that the memorandum no longer appears to contain trade secrets does not mean that some of the information it contains was not a trade secret in 2002 and thereafter when Scotts is alleged to have misappropriated the information set forth for its own advantage. Encap's claim is that the memorandum disclosed a strategic business plan that Encap had developed to take advantage of its new patented technology. If, as Encap alleges, Scotts misappropriated its plan and implemented it on its own, then it would appear there is no current need to seal the memorandum, even though it may have constituted a trade secret before it was implemented. Scotts primarily argues that the complaint does not allege sufficient facts to establish that the information contained in the memorandum constitutes a trade secret. This is the pleading

2

stage, however, and the Court does not expect the complaint to provide conclusive evidence that the information does constitute a trade secret, which cannot be decided in a factual vacuum. *See Corroon & Black-Rutters & Roberts, Inc. v. Hosch*, 109 Wis.2d 290, 325 N.W.2d 883 (1982) ("We have stated repeatedly that a court cannot determine whether the information is a trade secret in a factual vacuum."). The purpose of the complaint is to give the defendant notice of the claim. Ecap's complaint achieves this goal. Notwithstanding the Court's earlier ruling, the Court is satisfied that the complaint states sufficient facts to allow the claim to survive a motion to dismiss. Accordingly, Scotts' motion is denied. The Clerk shall set this matter on the Court's calendar for further proceedings. The parties may appear by telephone.

**SO ORDERED** this      14th      day of September, 2012.

       s/ William C. Griesbach
      William C. Griesbach
      United States District Judge