UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENCAP, LLC,

      Plaintiff,

v.                                                Case No. 11-C-685

THE SCOTTS COMPANY, LLC, et al.,

      Defendants.

**DECISION AND ORDER DENYING MOTION TO SUPPLEMENT
AND GRANTING MOTION FOR SANCTIONS**

On September 23, 2014, Plaintiff Encap, LLC, filed a motion to supplement the record in support of its request for reconsideration of the court's decision on claim construction. The evidence with which Encap seeks to supplement the record consists primarily of statements made during a recent interview with Encap's counsel by the USPTO Examiner who was involved in the application process for U.S. Patent 8,474,183 (the '183 patent). The statements were made by the Examiner during a recent interview on a related continuation patent application, U.S. Application No. 13/986,371 (the '371 application).

Within two weeks of the filing of Encap's motion to supplement the record, Defendant The Scotts Company, LLC, moved for sanctions against Encap on the ground that Encap's counsel, Attorney Philip M. Weiss, violated the "patent prosecution bar" provision of a protective order entered in this case. The provision, which the parties agreed to and which the court entered on February 24, 2014, provides:

> No person who receives or reviews information designated Confidential – Subject to Patent Prosecution Bar Information by a Producing Party may be involved in the

prosecution of any patent or patent application pertaining to: . . . (ii) the subject matter of the patents-in-suit; or (iii) the subject matter of any applications or patents claiming priority, in whole or in part, to any of the patents-in-suit. Preparation and/or prosecution activities contemplated herein include obtaining disclosure materials for new inventions and inventions under strategic decisions on the type and scope of patent protection that might be available or worth pursuing for such inventions, writing, reviewing, or approving new applications or continuations-in-part of the applications to cover those inventions, or strategically amending or surrendering claim scope during prosecution. . . . To avoid confusion, the activities prohibited by this paragraph apply to original examination, continued examination, reexamination, *inter partes* review, and/or post-grant review of patent claims involving the relevant subject matter.

(ECF No. 95 at 11.)

According to Scotts, Encap's motion to supplement the record proves Attorney Weiss violated this provision. Scotts asserts that during negotiations over the language of the patent prosecution bar, Weiss told counsel for Scotts, Attorney David A. Kelly, that Weiss was Encap's litigation counsel and thus would review all Scotts's discovery and thereby be subject to the patent prosecution bar. Scotts asserts that Weiss began receiving documents as early as March 18, 2014. On June 24, 2014, Weiss wrote Kelly a letter identifying specific Scotts documents that, in Weiss's opinion, should not have been designated subject to the patent prosecution bar. According to Kelly, Weiss stated that he personally had to review all the documents improperly designated as subject to the prosecution bar, and that he (Weiss) should not have had to do that. Scotts also asserts four of its designated documents were attached to Encap's brief in opposition to Scotts's motion for summary judgment on the trade secret claim. Finally, Scotts asserts that Weiss is clearly "involved in the prosecution" of a patent covered by the prosecution bar because he personally participated in the interview of the PTO Examiner regarding the construction of the claims at issue in the reconsideration motion.

In response, Encap admits Weiss told Kelly he would be reviewing the documents in February, but claims that Weiss, who was "[m]indful of the 'prosecution bar' restrictions in the Protective Order,"

would later designate another lawyer at his firm that was not involved in Encap's patent prosecutions to perform litigation document review. (ECF No. 169 at 2.) Encap admits that when that attorney brought the issue of Scotts's alleged over-designation of confidential documents to Weiss's attention, Weiss did review "a small sample" of the documents to confirm that Scotts was indeed over-designating. (*Id.* at 3.) Encap notes that although Scotts would call Weiss's objection untimely, Kelly's response to Weiss's concern about over-designating was that "Scotts regrets" that it had done so. (*Id.*) Encap notes: "Tellingly, at the Trade Secret hearing, when Mr. Weiss identified this designation by Scotts, the Court readily recognized that Scotts was over-designating these types of documents: 'So Scott[s] overuses confidentiality designations like everybody else that comes before me; what's the meaning of that?'" (*Id.* at 3–4) (quoting 08/13/2014 Tr. at 30:8–10). Encap also notes irrelevantly that the idea to interview the Examiner of the '371 patent came not from Weiss, but from Michael Krysiak, the President and CEO of Encap and the inventor of the '183 and '371 patents.

Based on the foregoing view of the facts, Encap argues: (1) Weiss's review of the designated documents was limited to those documents Scotts improperly designated, and thus no violation of the protective order occurred; (2) the examiner interview in question was not really "patent prosecution" as proscribed by the bar because it was just an effort to clarify the meaning of the '183 patent's claims, and because it took place "before any office action issued that would commence prosecution" (*id.* at 9); and (3) without a violation of the protective order, there is no basis for sanctions under Fed. R. Civ. P. 37(b) because Weiss did not act wilfully or in bad faith. None of these arguments have merit.

First, Encap's argument that it did not violate the protective order because the only documents Weiss reviewed never should have been designated subject to the protective order in the first place is untenable. It would be impossible to enforce the terms of a protective order (that the parties negotiated

3

for and agreed to) if litigation counsel could unilaterally decide documents were improperly designated and thus no violation occurred from looking at the documents and then personally prosecuting related patents. Moreover, regardless of the "improperly" designated documents, Encap offers no rebuttal to Scotts's assertion that Weiss must have reviewed the designated documents attached to Encap's opposition brief, other than to say that Attorney Olejniczak, not Weiss, filed that brief. It seems incredible that Weiss did not review those documents when Weiss's name is also on the brief and Weiss argued that motion for Encap at the hearing. Finally, Weiss does not refute Kelly's assertion that Weiss said he personally reviewed the documents. Based on the foregoing, I find that it is clear that Weiss reviewed information designated confidential, and thus was subject to the prosecution bar in the protective order.

Second, with respect to whether Weiss was "involved in the prosecution" of a patent and thus in violation of the prosecution bar, I find he clearly was. Patent prosecution begins when the inventor or his agent or attorney files an application with the PTO, and prosecution includes examiner interviews. Thus, it makes no difference that Encap claims the sole purpose for this interview was to gather evidence for its reconsideration motion, and I find Weiss was indeed prosecuting the '371 patent. Third, because there was a violation of the protective order, Encap's argument that Weiss's good faith precludes any Rule 37(b) sanction is rejected. In any event, Weiss was clearly "at fault" for the violation of the protective order, and thus sanctions under Rule 37(b) are appropriate. *See Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 514 (7th Cir. 1997) (explaining "that the term 'fault,' [in context of Rule 37 sanctions], was unconcerned with the non-complying party's subjective motivation, but rather 'only describe[d] the reasonableness of the conduct—or lack thereof—which eventually culminated in the violation.'").

In sum, as aptly stated in Encap's own brief, "Mr. Weiss is the lead attorney for Encap and also responsible for the prosecution for Encap's patent applications." (ECF No. 169.) That appears to be the problem in this case, given that Weiss's duties as lead attorney for Encap included reviewing confidential litigation documents. And because Weiss proceeded to personally prosecute the '371 patent, I find he violated the protective order and thus sanctions are appropriate.

**B. Appropriate Sanctions**

Section 10.1 of the protective order provides:

> It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be appropriate to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. . . .

(ECF No. 95 at 13.) Rule 37(b)(2)(A) sets forth a number of sanctions, including striking a pleading. Rule 37(b)(2)(C) also provides that "[i]nstead of or in addition the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."

Scotts requests that the court strike Encap's motion to supplement the record and the accompanying declaration and exhibits, enjoin Mr. Weiss from further prosecution activities prohibited by the prosecution bar, order Weiss to provide an accounting of all his patent prosecution activities on behalf of Encap performed since the entry of the order, and award Scotts its reasonable expenses, including attorney's fees, for bringing the motion for sanctions and for opposing Encap's motion to supplement the record. The Supreme Court has stated that "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to

5

deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763–64 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

Given that Encap denies any violation of the protective order, it has not offered any justification for Weiss's failure to comply. I find there is none. Accordingly, Weiss is ordered to pay Scotts's reasonable expenses in the amount of $13,500, as requested by Scotts. With respect to other sanctions, I will strike Encap's motion to supplement the record. I decline to enjoin Weiss from future violations of the protective order because the protective order remains in effect. Weiss is ordered to account for any additional patent prosecution activities he has engaged in since the protective order was entered.

Accordingly, for the reasons set forth above, Encap's Motion To Supplement the Record is denied and Scotts' Motion for Sanctions is granted.

**SO ORDERED** this 14th day of November, 2014.

       s/ William C. Griesbach
       William C. Griesbach, Chief Judge
       United States District Court