UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ENCAP, LLC,

        Plaintiff,

v.                                        Case No. 11-C-685

THE SCOTTS COMPANY, LLC, et al.,

        Defendants.

**ORDER ON SECOND MOTION RECONSIDERATION**

Encap LLC has filed a second motion to reconsider my July 9, 2014 *Markman* order construing certain claims in one of the patents-in-suit in this action. Alternatively, noting that the parties in this case have reached a settlement agreement resolving all claims and counterclaims, Encap requests that the court vacate its prior orders insofar as they bear on the claims subject to the reconsideration request. For the reasons set forth, the motion for reconsideration will be denied, but the motion to vacate will be granted.

In its Memorandum in Support of its Motion for Reconsideration, Encap offers the essentially the same arguments that it raised in its first motion to reconsider, except that Encap relied on the U.S. Patent Trademark and Appeal Board's January 9, 2015 decision on *inter partes* review, which adopted Encap's construction of the claims at issue (while also finding a reasonable likelihood that The Scotts Company LLC would ultimately prevail in establishing the unpatentability of the same and other claims). Although the Appeal Board's decision had not yet issued when I last denied reconsideration, Encap did present evidence with the first reconsideration motion that the Patent Examiner agreed with Encap's claim construction. I was unpersuaded by this evidence because Encap had made no effort to show that

the Examiner was aware that Encap's proposed claim construction captured subject matter Encap had disclaimed in order to avoid prior art many years earlier while prosecuting the same patent. *See Hakim v. Cannon Avent Grp., PLC*, 479 F.3d 1313, 1317 (Fed. Cir. 2007); *Springs Window Fashions LP v. Novo Indus., L.P.*, 323 F.3d 989, 995 (Fed. Cir. 2003) ("The public notice function of a patent and its prosecution history requires that a patentee be held to what he declares during prosecution of his patent. A patentee may not state during prosecution that the claims do not cover a particular device and then change position and later sue a party who makes that same device for infringement."). Although the Appeal Board's decision notes the existence of this case, it contains no discussion of the evidence of Encap's previous disclaimer cited by the court in rejecting Encap's proposed construction.

In its oral argument in support of its motion, Encap explained that in its view the Court erred in relying upon the prosecution history of disclaimer because the language of the product claim under consideration at the time of the disclaimer was significantly different than the language of the method claim that later replaced it. While both claims include the disputed term "pigment," Encap argued at the hearing based on the entire claim language and the Federal Circuit's decision in *Omega Eng'g Inc. v. Raytek Corp.*, 334 F.3d 1314, 1331 (Fed Cir. 2003), the previous disclaimers did not apply. Encap may be correct, but the argument had not been clearly presented earlier, despite a previous motion for reconsideration on the same issue. Encap nevertheless asks that I again reconsider the issue and either decide in its favor or vacate the Court's earlier decision.

As part of the agreement to settle the case, Scotts has agreed that it will not oppose Encap's motion to reconsider or vacate the earlier decision. In fact, Encap has extracted a promise from Scotts that it will not even participate or respond to the motion. In other words, the court is left with Encap's side of the argument on an issue that apparently no longer matters to the other party in the case.

2

Without opposing sides of the argument, I decline the invitation to reconsider. The American system of justice is an adversarial process. Without the benefit of the other side's arguments, I decline to revisit an issue I have already considered on two separate occasions based on an argument that was not clearly presented earlier and that is no longer in dispute between the parties. "A federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

Encap alternatively requests that the court vacate the prior claim construction decisions. Encap notes that the parties have settled this matter and therefore "[t]he claim construction orders are no longer necessary, because there is no controversy that exists between the parties." (ECF No. 186 at 11.) Encap asserts that the equities favor vacating because "[t]he issues in the present case go beyond the settlement agreement" and "the PTAB has decided the claim construction of the same terms that were determined by the Court in a materially different manner." (*Id.*) Encap argues the public's interest in consistency and uniformity of district court decisions and the decisions of the Appeal Board therefore favors vacating. Encap also notes that the defendants do not oppose the request.

Neither mootness nor the parties' agreement as to vacatur is sufficient justification by itself to vacate a decision. *See U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 29 (1994). This is not to say, however, that vacatur can never be granted when mootness is produced by a settlement. The Supreme Court has held that "the determination is an equitable one, and exceptional circumstances may conceivably counsel in favor of such a course." Here, I am persuaded that equity does counsel such a course. As noted above, Encap has presented an argument in support of its motion that the court did not fully consider, and the Patent and Trademark Appeal Board has rejected this court's construction of the patent. Under these circumstances, I conclude the public interest is better

3

served by vacating my previous claim construction decision rather than allow it to stand as a potential bar that would preclude Encap from asserting the construction adopted by the Patent and Trademark Appeal Board in any future litigation. If future litigation does arise, the court that presides over it will be free to take a fresh look at the arguments Encap has asserted in favor of its construction. Vacating the court's claim construction decision will also further the public interest in having consistent and uniform claim constructions of the same patent.

Accordingly, and for the foregoing reasons, the court's claim construction decision (ECF No. 133) and the court's decision denying Encap's motion for reconsideration of such decision (ECF No. 175) are hereby vacated. Further, based on the settlement reached by the parties, the case is dismissed on its merits and without costs.

**SO ORDERED** this  2nd   day of April, 2015.

> s/ William C. Griesbach
> William C. Griesbach, Chief Judge
> United States District Court